# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TMT CO. LTD.,<br><br>        Plaintiff,<br><br>vs,<br><br>JPMORGAN CHASE BANK,<br><br>        Defendant | Civ. No.:<br><br>COMPLAINT |

Plaintiff TMT Co. Ltd., by and through its attorneys, alleges as follows:

### NATURE OF THE ACTION

1. This is an action for conversion, negligence, replevin and for an accounting in connection with Defendant JPMorgan Chase Bank for its wrongful failure to turnover to plaintiff certain funds that it is holding in at least the amount of $5,250,000.00 that belong to Plaintiff.

### PARTIES

2. Plaintiff TMT Co. Ltd, ("TMT") is a company incorporated under the laws of the Taiwan with its principal place of business located in Taiwan. TMT is principally engaged in the business of international shipping.

3. Defendant JPMorgan Chase & Co. ("JPMC") is a publicly traded company formed and existing under the laws of the State of Delaware. JPMC maintains its principal executive offices at 270 Park Avenue, New York, NY.

### JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) and § 1367(a) because Plaintiff is a citizen or subject of a foreign state which does not have permanent

residence in the United States and Defendant is a citizen of the States of Delaware and New York and the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs.

5. Venue is proper in this Court because Defendant JPMC resides in or regularly conducts business in New York, and, upon information and belief, the property in question was or is in New York.

## SUBSTANTIVE ALLEGATIONS

6. On or about July 6, 2007, TMT opened an account with non-party The Royal Bank of Scotland ("RBS"), which RBS designated with the Account Identifier/Number TMTCO-USD1 (the "TMTCO Account").

7. Prior to July 12, 2007, TMT deposited more than $5,000,000.00 into the TMTCO Account. On or about July 12, 2007, the sum of $5,000,000.00 was transferred from the TMTCO Account to Defendant JPMC by RBS via wire transfer for the benefit of TMT. As reflected in the confirmation of the transfer provide to TMT by RBS, the funds were transferred into "Beneficiary account number: CHMANEK USDTCM" and was purportedly "Ordered by: TMT CO LTD."

8. Upon information and belief, the account designation CHMANEK USDTCM, an acronym for Chase Manhattan Equities U.S. Dollar Treasury Cash Management, refers to a treasury cash management account, apparently, a discretionary account managed only by a small number of senior investment banking officers at JPMC. TMT did not cause the account designated as CHMANEK USDTCM to be opened or created, and did not know about the account before TMT's money was transferred into the account.

9. Thereafter, TMT deposited another $250,000 into the TMTCO Account. On or

2

about September 19, 2007, the sum of $250,000.00 was transferred to Defendant JPMC by non-party RBS via wire transfer for the benefit of TMT. As reflected in the confirmation of the transfer provide to TMT by RBS, the funds were transferred into "Beneficiary account number: CHMANEK USDTCM" and was purportedly "Ordered by: TMT CO LTD."

10.   Through counsel, TMT has made demand upon JPMC for return of the $5,250,00.00. In the alternative, TMT has demanded that if the funds are no longer held by JPMC, that JPMC provide TMT with information as to the funds' disposition, including when the funds were transferred, at whose direction they were transferred, and to whom they were transferred.

11.   On or about February 9, 2009, RBS remitted the sum of $1,995,587.37 from the TMTCO Account to its own account at Defendant JPMC via Royworld Express, a proprietary online banking portal operated by RBS and used for sending money internationally, much like Western Union. The confirmation for the remittance identified the payee bank as "CHASUS33XXX."

12.   TMT did not request or authorize the remittance on February 9, 2009, and if the proceeds were transferred to Defendant JPMC, they belong to TMT.

13.   On or about February 12, 2009, RBS remitted the sum of $1,458,302.67 from the TMTCO Account to its own account at Defendant JPMC via Royworld Express. The confirmation for the remittance again identified the payee bank as "CHASUS33XXX."

14.   TMT did not request or authorize the remittance on February 12, 2009, and if the proceeds were transferred to Defendant JPMC, they belong to TMT.

15.   On or about March 6, 2009, RBS remitted the sum of $1,309,582.68 from the TMTCO Account to its own account at Defendant JPMC via Royworld Express. The

confirmation for the remittance again identified the payee bank as "CHASUS33XXX."

16. TMT did not request or authorize the remittance on March 6, 2009, and if the proceeds were transferred to Defendant JPMC, they belong to TMT.

17. On or about March 9, 2009, RBS remitted the sum of $1,456,592.90 from the TMTCO Account to its own account at Defendant JPMC via Royworld Express. The confirmation for the remittance again identified the payee bank as "CHASUS33XXX."

18. TMT did not request or authorize the remittance on March 9, 2009, and if the proceeds were transferred to Defendant JPMC, they belong to TMT.

19. On or about March 24, 2009, RBS remitted the sum of $699,989.48 from the TMTCO Account to its own account at Defendant JPMC via Royworld Express. The confirmation for the remittance again identified the payee bank as "CHASUS33XXX."

20. TMT did not request or authorize the remittance on March 24, 2009, and if the proceeds were transferred to Defendant JPMC, they belong to TMT.

21. In addition, through its counsel, TMT has requested copies of any account statements related to the funds held for TMT by Defendant JPMC since January 1, 2007.

22. Nevertheless, despite repeated requests, Defendant JPMC has wrongfully failed to do so. Despite being provided with copies of confirmations for the transfer of funds, JPMC incredibly claims that it is unable to locate any incoming wires for the amounts and dates reflected in the wire transfer confirmations for the July 12, 2007 and September 19, 2007 transfers and cannot identify the accounts based upon the information provided in the confirmations.

23. Instead, JPMC suggested that TMT inquire of RBS as to the disposition of the funds. However, the funds were transferred from RBS to JPMC and are not in RBS's

possession.

24. In any event, through counsel, TMT has requested information from RBS relating to the wire transfers including the identification number or numbers for the accounts into which the funds were transferred, any written instructions from TMT regarding the transfers and all other documentation relating to the transfers. TMT has also asked for any information in RBS's possession relating to the identity and nature of the account designated "CHMANEK USDTCM." While, RBS has responded to TMT's inquiry, it has not provided any of the requested information.

25. The unjustified failure of JPMC to return the funds to TMT or provide TMT with information relating to the funds is wrongful, wanton and willful.

### COUNT I

#### Against Defendant JPMC for Conversion

26. Plaintiff incorporates by reference and realleges paragraphs 1 through 26 above.

27. JPMC is in possession of and/or exercises control over property that belongs to plaintiff and has wrongfully and without lawful authority deprived plaintiff of possession of the property.

28. JPMC's conduct has caused serious and substantial financial harm to plaintiff.

### COUNT II

#### Replevin against Defendant JPMC

29. Plaintiff incorporates by reference and realleges paragraphs 1 through 39 above.

30. Defendants JPMC is in possession or control of property belonging to plaintiff and has wrongfully detained such property.

31. Plaintiff has immediate right to possession of the property held by JPMC.

32. Plaintiff has and continues to suffer damages and injury due to Defendant's

continued wrongful possession over the property that belongs to Plaintiff.

## COUNT III

### Accounting against Defendant JPMC

33. Plaintiff incorporates by reference and realleges paragraphs 1 through 43 above.

34. Defendants JPMC, in holding property belonging to Plaintiff, owes a special duty of care to plaintiff such that a special relationship exists between them.

35. In addition to turnover of the funds demanded herein, Defendant must account to Plaintiff for any interest, dividends, commissions, remunerations, or benefits that JPMC directly or indirectly has realized or may realize as a result of or in connection with their possession or control of the funds.

36. WHEREFORE, Plaintiff TMT demands judgment against Defendant JPMC as follows:

   1. For money damages;

   2. For consequential damages;

   3. For an injunction prohibiting JPMC from any transfer of TMT's funds under its custody and/or control;

   4. For an accounting and repayment of all interest, dividends, commissions, remunerations, or benefits that JPMC directly or indirectly has realized or may realize as a result of or in connection with its possession of TMT's funds;

   5. For pre and post-judgment interest;

   6. For attorney's fees;

   7. For exemplary and punitive damages;

   8. For costs; and

9.  For such other appropriate legal or equitable relief as the Court deems may be just.

Dated:   November 10, 2016

                            WOLF HALDENSTEIN ADLER
                            FREEMAN & HERZ LLP

BY:   _s/ Mark C. Rifkin_
        Mark C. Rifkin
        rifkin@whath.com
        Benjamin Y. Kaufman
        kaufman@whafh.com
        270 Madison Avenue, 10th Floor
        New York, NY 10016
        (212) 545-4600

        *Attorneys for Plaintiff*

790151